SENTENCIA
Westernbank de Puerto Rico (Westernbank) recurre ante nosotros de una determinación emitida por la Hon. Gloriana Ruiz Jiménez, Registradora de la Propiedad de Humacao (Registradora), que denegó la inscripción de dos escrituras —“Hipoteca en Garantía de Pagaré con Vigencia Extendida”— por entender que adolecían de claridad al te-ner la hipoteca dos fechas de vencimiento.
I
Westernbank presentó en el Registro de la Propiedad de Humacao, para su inscripción correspondiente, dos escritu-ras suscritas a su favor sobre “Hipoteca en Garantía de Pagaré con Vigencia Extendida”.(1) Los pagarés garantiza- *72 dos por estas escrituras constan emitidos a la orden de Westernbank.
La Registradora, ejerciendo su facultad de calificación, se negó a inscribir ambas escrituras porque adolecían de claridad por tener la hipoteca dos fechas de vencimiento. En cuanto a la Escritura Núm. 377, apoyó su negativa a inscribir en la cláusula siguiente:
—PRIMERO: En este acto el deudor Hipotecante suscribe ante mí un pagar [é] a la orden de WESTERNBANK PUERTO RICO, pagadero a la presentación ....
---------------------------TITULOS Y CARGAS- — ------------------------ LA VIGENCIA DE LA HIPOTECA CONSTITUIDA ME-DIANTE LA PRESENTE ESCRITURA SERA DE TREINTA Y CINCO (35) AÑOS A PARTIR DE LA FECHA DE LA PRE-SENTACION DE LA COPIA CERTIFICADA DE LA MISMA EN EL REGISTRO DE LA PROPIEDAD CORRES-PONDIENTE. (Énfasis suplido.) Apéndice del Recurso Guber-nativo Núm. RG-2005-02, págs. 1-3.
En cuanto a la Escritura Núm. 619, se apoyó en la cláu-sula siguiente:
—PRIMERO: En este acto el Deudor Hipotecante suscribe ante mí un pagaré a la orden de WESTERNBANK PUERTO RICO, pagadero a la presentación ....
—-----------------------TITULOS Y CARGAS- — ------------------------ LA VIGENCIA DE LA HIPOTECA CONSTITUIDA ME-DIANTE LA PRESENTE ESCRITURA SERA DE TREINTA (30) AÑOS A PARTIR DE LA FECHA DE LA PRESENTA-CION DE LA COPIA CERTIFICADA DE LA MISMA EN EL REGISTRO DE LA PROPIEDAD CORRESPONDIENTE. (Én-fasis suplido.) Apéndice del Recurso Gubernativo Núm. RG-2005-01, págs. 1-3.
Insatisfecho, Westernbank presentó una Solicitud de Recalificación para ambas denegatorias. Adujo que no re-sulta en una ambigüedad que impida la inscripción en el Registro de la Propiedad el disponer que el vencimiento del pagare será a la presentación y, al mismo tiempo, expresar *73 que la vigencia de la hipoteca es por un término de treinta o treinta y cinco años en cada caso. Sostuvo que el venci-miento del pagaré se refiere a la exigibilidad del crédito principal, mientras que el plazo de vigencia de la hipoteca existe para efectos de regir los aspectos de la prescripción de la acción hipotecaria correspondiente. Además, expresó que, en caso de no extenderse la vigencia de la hipoteca a los mismos treinta o treinta y cinco años, según expresado en las escrituras, se crearía la posibilidad de que los prés-tamos en cuestión no estuviesen garantizados por la hipo-teca durante los últimos años.
No obstante, la Registradora sostuvo la calificación original y extendió la correspondiente anotación preventiva de denegatoria. Reiteró su posición en cuanto a que cons-tituye un defecto que impide la inscripción en el Registro de la Propiedad el que se establezca en la escritura que el pagaré será pagadero a la presentación y, a su vez, se in-cluya un término específico para la vigencia de la hipoteca. Concluyó que tal proceder era contrario al principio de es-pecificidad contenido en la Ley Hipotecaria y del Registro de la Propiedad y a las disposiciones de la Ley de Instru-mentos Negociables y Transacciones Bancarias. Esta úl-tima ley, según alega la Registradora, establece que el pa-garé puede ser pagadero a la presentación o en fecha específica, pero nunca ambas cosas.
Inconforme, Westernbank recurre ante este Foro me-diante dos recursos gubernativos en los que solicita que revoquemos la denegatoria final emitida por la Registradora. Alega que las cláusulas en controversia no son incompatibles entre sí, ya que nada impide establecer que el vencimiento de la obligación principal será a la pre-sentación y, al mismo tiempo, expresar una vigencia para la hipoteca mayor de veinte años. La Registradora compa-reció y reiteró sus argumentos.
*74 Por presentar ambos recursos gubernativos idéntica controversia de derecho, decidimos consolidarlos. Luego de un examen de las escrituras en controversia y del derecho aplicable, confirmamos la calificación final de la Registra-dora en cuanto deniega la inscripción de las escrituras de hipoteca en controversia.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo. El Juez Presidente Señor Her-nández Denton y la Juez Asociada Señora Rodríguez Ro-dríguez emitieron sendas opiniones de conformidad. Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez no intervienen.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Ambas escrituras son idénticas en su contenido. Estas son la Escritura Núm. 377 de 12 de septiembre de 2002 y Escritura Núm. 619 de 16 de agosto de 2002.